IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00123-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GERARDO GAMEZ-REYES,

       Defendant.

---

**GOVERNMENT'S RESPONSE TO MOTION FOR A VARIANT SENTENCE
[DOC. 31]**

---

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Valeria Spencer, Assistant United States Attorney, respectfully submits this Response to Motion for a Variant Sentence ("Motion"). [Doc. 31]. The Court should deny Defendant's request for a sentence of 18 months as he has presented nothing to warrant such a large variance from the guideline sentence applicable in this case. An application of the Title 18 U.S.C. § 3553(a) factors to this case reveal that a guideline sentence is appropriate. The guideline calculation in the Presentence Investigation Report ("PSR") is 51-63 months (in no small part because Defendant's lengthy criminal history earned him a criminal history category VI level). The Defendant pled guilty without a plea agreement, so the government is not bound by any sentencing position. After careful review of the entirety of the case, the government is asking the Court to impose a sentence within the 51-63 month guideline range.

Defendant argues that an analysis of the Title 18 U.S.C. § 3553(a) factors demands nothing more than 18 months. The government disagrees. It comes as no surprise that Defendant notes he left a hard life behind in Mexico, seeking a better life here in the United States. The government would hazard a guess that the majority of those who cross the borders illegally into the United States are fleeing a hard life in their native country and hoping for at least a better economic life in this country. Defendant's story adds nothing to the scales either way in terms of a variance. In fact, Defendant's repeated criminal behavior while ostensibly seeking a better life here cuts in favor of an appropriate prison sentence per the guideline calculation.

**EVALUATION OF 3553(a) FACTORS**

    A.    <u>**The Nature and Circumstances of the Offense**</u>

The fact is that Defendant, a previously deported felon, decided to illegally reenter the United States again (while on supervised release for a prior illegal reentry felony case), thereby committing yet another felony. With no less than seven prior deportations, Defendant has made it clear that he does not respect this country's laws. Further, while living in this country illegally, Defendant has committed two drug related offenses and has another drug case pending.

    B.    <u>**The History and Characteristics of Defendant**</u>

Defendant makes much of his work and family life, commenting on his work ethic when he lived in Mexico and then when he lived in the United States, and his strong ties to his family in the United States. He downplays his extensive criminal activity while in

2

the United States, and instead insists he was only here this time to be "relevant in the lives of his children." Motion at 1.

Defendant is a 45-year-old native and citizen of Mexico who has never had lawful status in the United States. He came with his family when he was 14 years old and committed his first felony offense when he was twenty, thereby making any path to citizenship nearly impossible (although there is no indication that Defendant ever took any steps to be in the United States lawfully). He was deported following that first felony offense and continued that pattern of behavior and returned repeatedly. Defendant had runs in with the law in 1997, 1998, 1999, 2000, 2001, 2006, 2013, 2016, and has pending cases from 2015, 2020, and 2021. Defendant's immigration removals track his criminal history: 1998, 1999, 2008, 2014, 2016, and 2019 (twice).

Clearly the time he has spent in the United States has been marred by criminal activity. His time in the United States has not been spent productively, but instead committing crimes involving burglaries, stealing cars, and of great concern, driving while impaired. Defendant acts as though the laws in place to protect all of us do not apply to him. He has the temerity to complain that he never got the benefit of alcohol treatment. "Deportations prevented Mr. Gamez-Reyes from participating in substance abuse treatment, something he desperately needed to get out of his unhealthy cycle he had entered into." Motion at 5. Perhaps the Defendant could have undertaken voluntarily to get some treatment for his alcohol addiction.

**C.    Reflecting the Seriousness of the Offense; Promoting Respect for the Law; Providing Just Punishment; Deterring Crime; Protecting the Public**

A 51-month guideline sentence is sufficient and not greater than necessary to meet the purposes set forth in 18 U.S.C. § 3553(a). A guideline sentence reflects the fact that the defendant is category VI criminal history who has repeatedly engaged in serious and serial criminal activity while in the United States. Previous sentences have not deterred him. Voluntary removals have not deterred the defendant from returning illegally.   Defendant has four pending criminal cases, a stark and clear reminder of his activities when he is living here illegally.

Defendant urges the Court to impose a light and nonguideline sentence, claiming because this is his second illegal reentry felony conviction, he will *now* be deterred from reentering the country illegally. Approving of such a huge variant sentence simply delivers the message that 18 months in prison is basically the cost of doing business. Disobeying the law and court orders to cross into the United States illegally that results in a felony conviction and deportation, with some jail time on the way, is clearly not enough to deter this defendant's continued and repetitious behavior. The Defendant continues to return to this country even though he has an active felony arrest warrant, so that is not enough to deter him. A light sentence (and obviously deportation) will not deter him. The sentence imposed in this matter must endeavor to promote respect for the law and afford adequate deterrence and that is not a sentence of one year and a day.

Defendant is a 45-year-old adult who decided he would return because he wanted to. He fancies up his decision to break the law by claiming he had to choose

between his daughter or the law.[1] He made a choice, and his choices have consequences. A 51-month sentence is sufficient but not greater than necessary to serve the goals of sentencing. It is important to note that in 2016 Defendant was sentenced to 36 months for reentry of a deported alien, in the Southern District of Texas. If 36 months in prison did not deter Gamez-Reyes from returning illegally to this country, no reasonable person could really think that an 18-month sentence will do anything to stop Defendant from returning.

A period of supervised release imposing the special condition that the defendant does not re-enter the United States illegally may perhaps this time add another necessary measure of deterrence. Requiring the defendant to remain in Mexico for three years or face additional punishment for this conviction may be the incentive he needs to establish a sustainable livelihood for himself and his family, such that he will this time choose to remain in Mexico, as opposed to breaking U.S. law once again. Defendant remained in Mexico from 2008 until 2013. He has proven he can work and provide for his family while living lawfully.   He can do that again.

WHEREFORE, for the reasons set forth above, the Government respectfully requests that the Court deny Defendant's request for a variance to 18 months imprisonment. The Government requests the Court impose a sentence of 51 months

---

1 On pages 6 and 7 of his Motion, Defendant bemoans that he has not been there for his children because of being in custody. This excuse making smacks of Defendant refusing to look himself in the mirror and own up to the fact that his separation from his children is 100% of his own making. Curiously, in declaring his gallant choice to defy the law so he could be with his daughter, Defendant never mentions that his daughter and wife could move to Mexico to live with him legally;   in a place where he would not have to be constantly looking over his shoulder for immigration authorities to detain and deport him again.

imprisonment and 3 years of supervised release; a sentence sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

Dated this 4th day of August, 2022.

                                  Respectfully submitted,

                                  COLE FINEGAN
                                  United States Attorney

                                  *s/Valeria Spencer*
                                  VALERIA SPENCER
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  1801 California Street, Suite 1600
                                  Denver, Colorado 80202
                                  Telephone: (303) 454-0100
                                  E-mail: valeria.spencer@usdoj.gov

                                  Attorney for the Government

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 4th day of August, 2022, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION FOR A VARIANT SENTENCE [DOC. 31]** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

                                            s/ *Amy McDaniel*
                                            Amy McDaniel
                                            Legal Assistant
                                            U.S. Attorney's Office